IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION NO. 15-1681 |
| v. | ) ) ) COMPLAINT ) |
| NTW, LLC, d/b/a NATIONAL TIRE AND BATTERY | ) JURY TRIAL DEMAND ) ) |
| Defendant. | ) ) |

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion and national origin and to provide appropriate relief to Charging Party Shadi Taweil. As alleged with greater particularity in paragraph 11 below, Defendant NTW, LLC, d/b/a National Tire and Battery, subjected Taweil to harassment because of his religion, Islam, and national origin, Arab/Palestinian.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.	The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

3.	Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.	At all relevant times, Defendant NTW, LLC d/b/a National Tire and Battery (NTB or Defendant), has continuously been a Delaware limited liability company doing business in the State of Illinois and the Cities of Orland Park and Matteson, and has continuously had at least 15 employees.

5.	At all relevant times, Defendant NTB has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6.	More than thirty days prior to the institution of this lawsuit, Shadi Taweil filed a charge with the Commission alleging violations of Title VII by Defendant NTB.

7.	On July 9, 2012, the Commission issued to NTB a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant NTB to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant NTB a conciliation agreement acceptable to the Commission, and on September 26, 2013, issued to Defendant a Notice of Failure of Conciliation.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. From at least January 2009 continuing through February 2010, NTB engaged in unlawful employment practices at its National Tire and Battery locations in Orland Park, Illinois, and Matteson, Illinois, in continuing violation of Section 703(a)(1) of Title VII, 42 U.S.C. 2000(e)-§ 2000e-2(a)(1). Such unlawful employment practices include subjecting Taweil to harassment because of his religion, Islam, and national origin, Arab/Palestinian.

 (a) Managers and co-workers made unwelcome, offensive comments to Taweil because of his religion and/or national origin, including, but not limited to, referring to him as "Taliban," "Al Qaeda," "bin Laden," and "terrorist," and suggesting that he was making bombs.

 (b) NTB was aware of the harassment because Taweil complained of the harassment and/or because managers were present when some of the offensive comments were made. However, NTB failed to remedy the harassment.

12. The effect of the practices complained of in paragraph 11 above has been to deprive Taweil of equal employment opportunities and otherwise adversely affect his status as an employee because of his religion and/or national origin.

13. The unlawful employment practices complained of in paragraph 11 above were intentional.

14. The unlawful employment practices complained of in paragraph 11 above were done with malice or with reckless indifference to the federally protected rights of Taweil.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant NTB, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race or national origin.

B. Order Defendant NTB to institute and carry out policies, practices, and programs which provide equal employment opportunities for Muslims and for those of Arab/Palestinian national origin and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant NTB to make whole Taweil by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 11 above, in amounts to be determined at trial.

D. Order Defendant NTB to make whole Taweil by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 11 above, including but not limited to, emotional pain, suffering, inconvenience, and humiliation, in amounts to be determined at trial.

  E. Order Defendant NTB to pay Taweil punitive damages for its malicious and reckless conduct, as described in paragraph 11 above, in amounts to be determined at trial.

  F. Grant such further relief as the Court deems necessary and proper in the public interest.

  G. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: June 26, 2015

          P. DAVID LOPEZ
          General Counsel

          JAMES LEE
          Associate General Counsel

          U.S. Equal Employment Opportunity
           Commission
          131 M. Street, N.E.
          Washington, D.C. 20507

          /s/ John C. Hendrickson
          John C. Hendrickson
          Regional Attorney

          /s/ Diane I. Smason
          Diane I. Smason
          Supervisory Trial Attorney

          /s/ Ann Henry
          Ann Henry
          Trial Attorney
          Ann Henry
          ARDC # 6272394

          U.S. Equal Employment Opportunity
             Commission
          Chicago District Office
          500 West Madison Street, Suite 2000

.

Chicago, Illinois 60661
(312) 869-8098
ann.henry@eeoc.gov